# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO IBARRA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOAN CITY, a California corporation authorized to do business in California, AURORA LOAN SERVICES INC., a foreign corporation authorized to do business in California; CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation authorized to do business in California; WACHOVIA FINANCIAL SERVICES, INC., fka WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK and registered foreign corporation doing business in California; HARBORSIDE FINANCIAL NETWORK, a California corporation authorized to do business in California, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 09-CV-02228-IEG (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 33] |

Presently before the Court is Defendant Aurora Loan Services LLC's ("Aurora") motion to dismiss Plaintiff Armando Ibarra's ("Plaintiff") First Amended Complaint. (Doc. No. 33.) Plaintiff filed an opposition, and Aurora filed a reply.

The Court finds the motion suitable for disposition without oral argument pursuant to Local

1  Civil Rule 7.1(d)(1).  For the reasons stated herein, the Court grants in part and denies in part the
2  motion to dismiss.

## BACKGROUND

4      This matter concerns the refinancing of Plaintiff's principal residence in Chula Vista, San
5  Diego (the "Property").  The following facts are drawn from Plaintiff's First Amended Complaint
6  ("FAC") unless otherwise noted.

7      On September 6, 2006, Plaintiff obtained a loan from Loan City, brokered by Equipoint
8  Financial Network, Inc. d/b/a Harborside Financial Network ("Harborside").  According to
9  Plaintiff, Aurora later assumed the loan.  In early 2009, foreclosure proceedings were initiated.
10 Also in early 2009, Plaintiff discovered that he had not been provided certain notices and
11 disclosures at the time of the loan origination in violation of the Truth in Lending Act ("TILA").
12 On July 9, 2009, Plaintiff sent a letter to Loan City, World Savings, and Harborside rescinding the
13 loan contract.  Five days later on July 14, 2009, Plaintiff sent the same letter to Aurora.

14     On August 18, 2009, Plaintiff initiated the action in the Superior Court for the County of
15 San Diego, naming Aurora, Loan City, Cal-Western Reconveyance Corp., Wachovia Financial
16 Services, Inc., and Harborside as defendants.  The defendants subsequently removed the case to
17 this Court.  (Doc. No. 1.)  In September of 2009, Aurora purchased the property at the trustee's
18 sale.

19     On January 27, 2010, the Court granted in part Aurora's motion to dismiss Plaintiff's
20 original Complaint for failure to state a claim, and denied as moot Aurora's motion to strike. (Doc.
21 No. 31.)  The Court dismissed with prejudice all causes of action in the Complaint, except for
22 Plaintiff's cause of action for violation of TILA, which was dismissed with leave to amend.

23     On February 3, 2010, Plaintiff timely filed the FAC, which sets forth one cause of action
24 for violation of TILA.  (Doc. No. 32.)  Plaintiff seeks rescission and damages for violation of
25 TILA, 15 U.S.C. § 1601, *et seq.*, and TILA's implementing regulation ("Regulation Z"), 12 C.F.R.
26 § 226, which sets out TILA's general disclosure requirements.  Subsequently, Aurora filed the
27 instant motion to dismiss the FAC. (Doc. No. 33.)

28 //

# DISCUSSION

## I.     Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Iqbal, 129 S.Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

## II.    Analysis of Aurora's Motion to Dismiss

As the Court previously determined in its January 27, 2010 Order dismissing Plaintiff's original Complaint, Plaintiff fails to state a claim for damages for failure to provide disclosures at the time of the loan origination. Plaintiff's claim is barred by the one-year statute of limitations for actions for damages under TILA. See 15 U.S.C. § 1640(e). Plaintiff initiated suit on August 18, 2009, nearly three years after the loan origination. Also, as the Court previously determined in its January

1  27, 2010 Order, Plaintiff fails to state a claim for rescission. Plaintiff's right to rescind under TILA
2  expired on September 8, 2009 when the Property was sold at the trustee's sale. Section 1635(f) of
3  TILA provides that the right of rescission expires at the latest, "three years after the date of
4  consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C.
5  § 1635(f). Accordingly, the Court dismisses these claims with prejudice.

6       Plaintiff also alleges he is entitled to damages for violation of TILA's rescission provision
7  because Aurora failed to respond within twenty days to Plaintiff's notice of rescission, sent on July
8  14, 2009.[1] (FAC ¶¶ 24, 28, 33.) Section 1635(b) of TILA sets forth the actions a creditor must take
9  upon receiving a notice of recission:

10       When an obligor exercises his right to rescind under subsection (a) of this section,
   he is not liable for any finance or other charge, and any security interest given by the
11  obligor, including any such interest arising by operation of law, becomes void upon
   such a rescission. Within 20 days after receipt of a notice of rescission, the creditor
12  shall return to the obligor any money or property given as earnest money,
   downpayment, or otherwise, and shall take any action necessary or appropriate to
13  reflect the termination of any security interest created under the transaction. . . .

14  15 U.S.C. § 1635(b). Section 1640 permits a plaintiff to bring an action for damages against "any
15  creditor who fails to comply with any requirement imposed under [TILA], including any requirement
16  under section 1635." Id. § 1640(a). A creditor can generally be held liable for actual and statutory
17  damages, as well as attorney's fees and costs. Id. § 1640.

18       Aurora argues that Plaintiff fails to state a claim for three reasons. First, Aurora argues that
19  it cannot be liable under TILA because it is a loan servicer and is listed as beneficiary solely for
20  administrative purposes in servicing the loan. Only creditors can be liable under TILA. Id. §
21  1640(a). Liability does not extend to a loan servicer as an assignee of a creditor "unless the servicer
22  is or was the owner of the obligation." Id. § 1641(f). A servicer is not treated as the "owner of the
23  obligation" on the basis of an assignment "solely for the administrative convenience of the servicer
24  in servicing the obligation." Id. § 1641(f)(2).

25       The statute is clear that Aurora cannot be held liable under TILA if it is a servicer assigned the

---

27  [1]Because the Notice of Right to Cancel provided by the lender improperly omitted the
   rescission expiration date (FAC, Ex. C), Plaintiff was permitted to exercise his right to rescind the loan
28  within three years after it was consummated. See 15 U.S.C. § 1635(f) (the borrower may rescind the
   loan within three years after it was consummated if the creditor fails to deliver the notice and required
   material disclosures).

1 loan solely for administrative purposes.  However, construing the facts and all reasonable inferences
2 from them in favor of Plaintiff, the Court finds it plausible that Aurora was an assignee of the loan for
3 more than just administrative purposes.  Plaintiff alleges Aurora owns the loan. (FAC ¶¶ 12, 22.)  In
4 addition, the Trustee's Deed Upon Sale lists Aurora as the foreclosing beneficiary.  (Aurora's Mot.
5 to Dismiss, Ex. 5.)  Aurora argues that it was only assigned MERS' nominal interest in the loan, and
6 points to the Deed of Trust, which names MERS as the nominal beneficiary.  (Request for Judicial
7 Notice in Supp. of Mot. to Dismiss, Ex. 1.)[2]  However, this document and Aurora's bare assertions
8 are not conclusive.

9 Aurora next argues that Plaintiff is not entitled to damages because Plaintiff has not alleged
10 an ability to tender the loan proceeds.  Aurora contends that if the Court, in its discretion, modifies
11 the rescission-tender chronology set forth in Section 1635(b) to require Plaintiff to first allege an
12 ability to tender before he can be entitled to rescission, then Aurora could not have violated the statute
13 by failing to respond to the notice of rescission.  As discussed above, Plaintiff's right to rescind under
14 TILA expired on September 8, 2009 when the Property was sold at the trustee's sale.  The Court
15 declines to engage in a discussion of what it would have done had Plaintiff's rescission claim not been
16 barred by the sale of the Property.

17 Finally, Aurora contends that the content of Plaintiff's notice of rescission is ambiguous.  This
18 argument is without merit.  The letter, titled "Request for Loan Modification (And Notice of
19 Rescission)," clearly states that Plaintiff's counsel is "authorized to rescind this loan transaction and
20 hereby exercise[s] that right."  (FAC, Ex. A.)  The letter concludes by requesting that Aurora contact
21 Plaintiff's counsel if it would like to enter into negotiations, "so that our client may consider
22 withdrawing this Notice of Rescission."  (FAC, Ex. A.)

23 //
24 //
25 //
26 //

---

[2] The Court may take judicial notice of the Deed of Trust and Trustee's Deed Upon Sale, which are public records.  See Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by* Astoria Federal Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

## CONCLUSION

The Court GRANTS IN PART Aurora's motion to dismiss with prejudice Plaintiff's FAC, to the extent Plaintiff asserts claims under TILA for rescission and for damages relating to the loan origination. The Court DENIES Aurora's motion, to the extent Plaintiff asserts a claim for damages for violation of TILA's rescission provision.

**IT IS SO ORDERED.**

**DATED: April 20, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**